ON APPLICATION FOR SUPERVISORY WRITS
PARISH OF CALCASIEU — STATE OF LOUISIANA
HON. G. WM. SWIFT, JR., DISTRICT JUDGE PRESIDING
EN BANC.
PER CURIAM.
The issue of this application concerns whether the trial court was correct in permitting the defendants-respondents to perfect a suspensive appeal in this mandamus proceeding.
The plaintiffs-relators brought a suit for a writ of mandamus directed to the respondents in connection with a bond election. They obtained judgment in accordance with their prayer. The trial court issued a writ of mandamus to defendants-respondents (the City of Lake Charles, its Mayor, and other officials) directing the latter to conduct the election by the use of voting machines and not by written ballot.
LSA-C.C.P. Art. 2123 provides that an appeal to suspend the effect or action of an appealable judgment may be taken within a limited period “except as otherwise provided by law”. All final judgments are appealable, LSA-C.C.P. Art. 2083. The appeal was perfected timely by the plaintiffs-relators.
The plaintiffs-relators contend, however, that a writ of mandamus, being an extraordinary remedy entitled to summary trial, should not be suspended in effect by such an appeal.
Book VII of the Louisiana Code of Civil Procedure of 1960 regulates “special proceedings”. Title III of this book regulates “extraordinary remedies”, including habeas corpus, mandamus and quo war-ranto. Chapter 3 of this title regulates “mandamus”.
Under the general dispositions of Title III (Arts. 3781-3785), the summary character of the procedure, the pleadings and the hearings for extraordinary remedies are set forth. None of these general provisions states that appeals for extraordinary remedies are in general governed any differently than appeals in ordinary proceedings.
Likewise, the articles pertaining to mandamus, Arts. 3861-3866, regulate the issuance of this writ and the rendering of the judgment granting it. They do not regulate or otherwise limit the appeals which may be taken from a mandamus judgment. Accordingly, Article 2123 applies, and the trial court correctly permitted a suspensive appeal to be taken. See also State ex rel. Ingram v. Judge, 20 La.Ann. 529 (1868).
We are reinforced in this conclusion by the circumstance that, where a suspensive appeal is prohibited, the Code expressly so provides. For instance, in habeas corpus cases, the Code specifically provides that an appeal from this type of judgment “shall not suspend the execution of the judgment.” LSA-C.C.P. Art. 3831. See also, e. g., Art. 3943, prohibiting appeals to suspend the execution of judgments relating to custody or alimony.
For the foregoing reasons, therefore, the application for supervisory writs is denied, with costs assessed to plaintiffs-relators.
Application for writs denied.