SCHOTT, Judge.
We grant certiorari on the application of the Insurance Commissioner of the State of Louisiana in order to consider an order of the trial court dated June 12, 1985 denying relator’s motion for suspensive appeal from a judgment of June 12 granting a writ of mandamus against relator. We have considered the application and the response both accompanied by briefs of counsel. We have been provided with copies of all pleadings and the reasons of the trial judge. No purpose would be served by calling for the full record or hearing oral arguments.
As a general rule the defendant against whom a writ of mandamus is obtained is clearly entitled to appeal suspen-sively from the judgment. LSA-C.C.P. Art. 2123. Greater Baton Rouge Airport District v. Hays, 345 So.2d 66 (La.App. 1st Cir.1976), writs refused 345 So.2d 897 (1977); Rosteet v. City of Lake, 215 So.2d 668 (La.App. 3rd Cir.1968), writs refused 253 La. 301, 217 So.2d 406 (1968). However, respondent contends that the unique features of this case made the granting of a supensive appeal a matter of discretion on the part of the trial judge.
On April 18, 1985 respondent obtained a judgment against a physician and her insurer for $300,000. However, since the physician was a qualified health care provider under the Medical Malpractice Act, R.S. 40:1299.41 et seq., her liability was limited to $100,000 and the excess was allocated to the Patient’s Compensation Fund established by R.S. 40:1299.44. In that April 18 judgment the trial court included the following:
“The Commissioner of Insurance of the State of Louisiana, upon receipt of a certified copy of the Judgment, is ordered to comply with the provisions of R.S. 40:1299.44B.”
According to R.S. 40:1299.44 B the state treasurer is required to make payments out of the Patient’s Compensation Fund on December 31 of each year pursuant to requests made by the Insurance Commissioner (relator herein) after he receives “(1) A certified copy of a final judgment in excess of one hundred thousand dollars against a health care provider ...”
Following the April 18 judgment relator intervened in the suit and took a devolutive appeal from the judgment. According to respondent, relator informed him he would not comply with the April 18 judgment and did not take a suspensive appeal from the judgment in order “to test the law” on the question of whether a “final judgment” in R.S. 40:1299.44 B(l) is one from which a *965 devolutive, not a suspensive appeal, has been taken. The trial judge, in considering relator’s motion for suspensive appeal from the June 12 judgment granting respondent a writ of mandamus against relator ordering him to submit a claim to the state treasurer on or before June 30, 1985, took this position: since his earlier judgment ordered relator to comply with R.S. 40:1299.44 B and since relator failed to take a suspensive appeal from that judgment relator could not now appeal suspensively from the June 30 judgment which simply specified a time frame for relator to comply with the previous unappealed from judgment. In effect a suspensive appeal from the second judgment would be tantamount to an untimely late appeal from the first judgment, according to the trial court. We disagree.
Relator was not even a party to the suit leading to the first judgment whose general order to relator “to comply with the provisions of R.S. 40:1299.44 B” was no more than a gratuitous reference to the law which itself imposes duties on relator. Not until the June 12 judgment was relator specifically ordered to do anything and nothing precludes him from taking a sus-pensive appeal from this judgment.
Accordingly, we issue a peremptory writ of mandamus ordering the Honorable Gerald P. Fedoroff, Judge, Division “E”, Civil District Court to grant relator a suspensive appeal from the judgment of June 12, 1985 which granted a writ of mandamus against relator.
WRITS GRANTED.